**Edward Ray FULGHAM, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–04–250–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 4, 2005.

Michael C. Lowe, Dallas, for appellant.

George P. Morrill II, Dist. Atty., Beeville, for state.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

**OPINION**

Opinion by Justice RODRIGUEZ.

Pursuant to Texas Government Code section 411.081, appellant, Edward Ray Fulgham, Jr., petitioned the 156th Judicial District Court of Bee County, Texas, to seal his criminal record relating to a prior felony theft charge. *See* TEX. GOV'T CODE ANN. § 411.081(d) (Vernon 2005). After a hearing, the trial judge denied appellant's petition. By two issues, appellant contends (1) the trial court erred by not conducting a hearing on the issue of whether it is in the best interest of justice to grant the petition, and (2) the evidence is insufficient to support the trial court's decision that it is not in the best interest of justice to grant his petition. We reverse and remand.

## I. BACKGROUND

In 1980, appellant entered a plea of guilty or nolo contendere to the felony offense of theft and was placed on deferred adjudication community supervision. Ten years later, at the end of the period of supervision, the trial court dismissed the proceedings against appellant and discharged him from further community supervision. After waiting ten years, as mandated by statute, appellant filed a petition for non-disclosure in an attempt to prohibit criminal justice agencies from disclosing information related to his deferred adjudication. *See id.* A hearing was held on appellant's petition. The trial court denied the petition finding that such non-disclosure was not in the best interest of justice. This appeal ensued.

## II. ANALYSIS

By his first issue, appellant argues the trial court erred by not conducting a hearing on the issue of whether it was in the best interest of justice to grant the petition.

Under section 411.081 of the government code, after a person files a petition for non-disclosure, the trial court is to conduct a hearing on (1) whether the person is entitled to file the petition *and* (2) whether issuance of the order is in the best interest of justice. *Id.* In this case, the trial court convened a hearing. However, at the hearing, the trial court heard only testimony addressing the issue of whether appellant met the statutory re-

quirements for filing his petition.[1] *See id.* The hearing did not address whether issuance of the order for non-disclosure would be in the best interest of justice. *See id.* We conclude that the trial court erred in making its ruling without addressing the issue of whether granting the order would be in the best interest of justice at the hearing. Appellant's first issue is sustained.[2]

## III. CONCLUSION

Accordingly, we reverse the decision of the trial court and remand this case for further proceedings consistent with this opinion.

---

1. After the hearing, the trial court found that all statutory requirements for review of the case were met.

2. Given our disposition of this issue, we need not address appellant's remaining issue. *See* Tex.R.App. P. 47.1.