OPINION
BONNIE SUDDERTH, JUSTICE
I. Introduction
The State of Texas appeals from an order granting Appellee L.P.’s[1] petition for nondisclosure of records and files related to her plea of guilty to assault by *419 contact, a class C misdemeanor. We dismiss this appeal for want of jurisdiction.
II. Background
Pursuant to a plea agreement related to an assault charge involving family violence, on June 19, 2013, L.P. pleaded guilty to assault by contact, a class C misdemeanor. See Tex. Penal Code Ann. § 22.01(a)(3), (c) (West Supp. 2016). The trial court deferred a finding of guilt and placed L.P. on deferred adjudication community supervision for three months. After she successfully completed her community supervision, L.P. was discharged and the class C misdemeanor assault was dismissed. Two years later, L.P. filed a petition for a nondisclosure order with regard to her 2013 guilty plea for the class C assault. The trial court granted her petition.
In a single issue in this appeal, the State argues that L.P. was not eligible to petition for nondisclosure under former government code section 411.081(e)(4)[2] because the underlying offense was one involving family violence. By way of a cross-point, L.P. argues that this court lacks jurisdiction over this appeal. Because it is dispositive, we address only L.P.’s cross-point.
III, Jurisdiction
The Texas Constitution vests this court with jurisdiction over all cases “of which the District or County Counts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law.” Tex. Const. art. V, § 6(a). The Texas Constitution also vests this court with “such other jurisdiction, original and appellate, as may be prescribed by law.” Id. Thus, our jurisdiction must be based on either (1) the general constitutional grant, subject to any regulations or restrictions imposed by the legislature, or (2) a specific statutory grant of jurisdiction. See id.; Tex. Dep’t of Pub. Safety v. Barlow, 48 S.W.3d 174, 175-76 (Tex. 2001).
This is a case of first impression for us,[3] but three of our sister courts have dismissed appeals seeking review of trial court orders on petitions for nondisclosure under former government code section 411.081, finding they lacked jurisdiction. See Huth v. State, 241 S.W.3d 206, 208 (Tex. App.—Amarillo 2007, no pet.) (op. on reh’g) (holding that because former section 411.081 “contains no express grant of an appellate right” the court must look to “the general constitutional grant,” which, as restricted by the legislature, is limited “to cases in which the amount in controversy or the judgment exceeds $100, exclu *420 sive of interest and costs’); Rado v. State, No. 05-06-00200-CV, 2007 WL 1829648, at *1 (Tex. App.—Dallas June 27, 2007, no pet.) (mem. op.) (same); Bergin v. State, No. 06-06-00089-CV, 2006 WL 2456302, at *1-2 (Tex. App.—Texarkana Aug. 25, 2006, no pet.) (mem. op.) (same); see also Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (West- 2015) (providing that the courts of appeals exercise jurisdiction in cases in which the amount in controversy or the judgment rendered exceeds $250, exclusive of interest and costs). A fourth court has agreed that former section 411.081 “contains no express grant of an appellate right,” but because the record in that case reflected an amount in controversy in excess of $250, the court found jurisdiction under the general constitutional grant. See Harris, 402 S.W.3d at 760-63. We agree with our sister courts that former government code section 411.081 confers no statutory right to appeal.
As to whether the record here provides the requisite amount in controversy to invoke our jurisdiction, neither party has advanced that argument. Nor can we find any support for such a contention in the record. See Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (providing that interest and costs cannot be considered to satisfy the amount in controversy requirement). As such, the State has failed to meet the requirements to confer jurisdiction upon this court, We sustain L.P.’s cross-point,
IV. Conclusion
Having sustained L.P.’s cross-point, we dismiss this appeal for want of jurisdiction.

. See 2nd Tex. App. (Fort Worth) Loc. R. 7 (providing, in pertinent part, that in appeals or original proceedings in which the court determines that a person’s identity should be protected, the Clerk's office may request that the parties use aliases in their documents filed with the court); see also Harris Cty. Dist. Att'y’s Office v. D.W.B., 860 S.W.2d 719, 720 (Tex. App.—Houston [1st Dist.] 1993, no writ) (using initials in style of case for the name of the party who sought expunction of criminal records).

. See S.S. v. State, No. 02-16-00194-CV, 2017 WL 1352102, at *2 (Tex. App.—Fort Worth Apr. 13, 2017, no pet.) (mem. op.) (observing that in 2015, the legislature amended and transferred portions of the statutory provisions governing nondisclosure orders from section 411.081(d) through (i) to a newly enacted govemment-code subchapter). The State asserts that because the underlying offense occurred on or about December 31, 2012, the 2012 version of section 411.081 applies, We observed in S.S, that section 411.081 was amended in 2003 to add subsections (d), (e), and (f). Id. at *3; see Act of May 31, 2003, 78th Leg., R.S., ch. 1236, § 4, 2003 Tex. Gen. Laws 3499, 3500-01 (adding subsections (d)-(f)) (current version at Tex. Gov’t Code Ann. § 411.074(b)(1)(D) (West Supp. 2016)). The 2003 statute was amended many times between 2005 and the date of the offense, but the pertinent language relied upon by the State was unchanged during this time.

. We addressed an appeal of the denial of a petition for nondisclosure in S.S., but the appellant in that case sought nondisclosure and asserted that she was being denied employment as a result of her criminal history. See 2017 WL 1352102, at *1. The denial of employment-even at minimum wage — would amount to at least $250 in controversy. See Harris v. State, 402 S.W.3d 758, 763 (Tex. App. — Houston [1st Dist.] 2012, no pet.).