# NO. 12-16-00252-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN L. SCRITCHFIELD,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

John L. Scritchfield appeals the trial court's denial of his petition for non-disclosure. In one issue, he contends that the trial court erred by denying his petition on the grounds that his conviction involved family violence. We affirm.

## BACKGROUND

On June 17, 1996, Scritchfield was arrested for assault in Smith County, Texas. Subsequently, Scritchfield was convicted of a class C misdemeanor assault and fined $100. On June 28, 2016, Scritchfield filed a petition for non-disclosure of the conviction. In his pleadings, Scritchfield indicated he sought the non-disclosure so that he could apply for a job with a private school. Scritchfield further indicated he understood that any record of conviction available for public dissemination would prevent him from being considered for employment. In response, the State filed a general denial. The court held a hearing, at which Scritchfield testified the assault was against his then girlfriend with whom he lived. The trial court denied the petition on the grounds that the offense involved family violence. This appeal followed.

As a threshold matter, the State argues that this Court lacks jurisdiction to entertain Scritchfield's appeal. Section 411.081 of the Texas Government Code does not expressly provide for an appeal of an order denying a non-disclosure order and, absent a specific statutory grant of jurisdiction, the legislature has limited the jurisdiction of appellate courts to cases in which the amount in controversy or judgment exceeds $250. *See* TEX. GOV'T. CODE ANN. §§ 22.220(a), 481.081 (West. Supp. 2016). However, Texas courts have held that the denial of employment—even at minimum wage—would satisfy the $250 amount in controversy requirement to confer the appellate court with jurisdiction. *See Harris v. State*, 402 S.W.3d 758, 763 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *State v. L.P.*, No. 02-16-00290-CV, 2017 WL 2810706, at *2 n.3 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op.).[1] For this reason, we conclude that the amount in controversy requirement is satisfied and we have jurisdiction to consider Scritchfield's appeal.

## NON-DISCLOSURE ORDER

Scritchfield argues that the trial court erred by denying his petition for non-disclosure on the basis that the assault for which he was convicted involved family violence. The State argues that Scritchfield is not eligible for a non-disclosure because he was finally convicted of the offense and because the underlying assault involved family violence.

**Analysis**

In 2015, the legislature amended and transferred portions of the statutory provisions governing orders of nondisclosure to a newly enacted government code subchapter. *S.S. v. State*, Nos. 02-16-00194, 02-16-00195-CV, 02-16-00196-CV, 2017 WL 1352102, at *2 (Tex.

---

[1] The law regarding appellate court jurisdiction over nondisclosure cases is unsettled. Some appellate courts have exercised jurisdiction over appeals from the denial of nondisclosure orders without specifically addressing jurisdiction. *See Ramsey v. State*, 249 S.W.3d 568, 574-75 (Tex. App.—Waco 2008, no pet.) (affirming denial of petition for bill of review challenging denial of disclosure order); *see also Fulgham v. State*, 170 S.W.3d 836, 837 (Tex. App.—Corpus Christi 2005, no pet.) (reversing trial court's denial of nondisclosure order and remanding for hearing on whether such order was in the best interest of justice); *Carter v. State*, No. 04-07-00854-CV, 2008 WL 4172877, at *1 (Tex. App.—San Antonio Sept. 10, 2008, no pet.) (mem. op.). Other appellate courts have addressed jurisdiction and held they lack jurisdiction over orders denying petitions for nondisclosure because there is no express statutory authority for such an appeal, and because the records in the those cases did not reflect an adequate amount in controversy. *See Huth v. State*, 241 S.W.3d 206, 207 (Tex. App.—Amarillo 2007, no pet.); *see also Guinn v. State*, No. 05-09-01295-CV, 2010 WL 22817, at *1 (Tex. App.—Dallas Jan. 6 2010, no pet.) (mem. op.). Because Scritchfield seeks the non-disclosure order for purposes of employment, we find the reasoning in *Harris* to be persuasive and applicable in this case. *See Harris*, 402 S.W.3d at 763.

App.—Fort Worth Apr. 13, 2017, no pet.) (mem. op.); *see* Act of May 26, 2015, 84th Leg., R.S., ch. 1279, §§ 1–13, 2015 TEX. SESS. LAW SERV. 4327, 4327–34 (West) (codified at TEX. GOV'T CODE ANN. §§ 411.071–.0775 (West Supp. 2016)); *see also* TEX. GOV'T CODE ANN. § 411.081(d)-(i) (West Supp. 2016). Prior to these amendments, nondisclosure was only available in certain cases in which a person was placed on deferred adjudication community supervision and later received a discharge and dismissal. *S.S.*, 2017 WL 1352102, at *2; *see* Act of May 31, 2003, 78th Leg., R.S., ch. 1236, § 4, sec. 411.081(d)-(e), 2003 TEX. GEN. LAWS 3499, 3500–01 (amended 2005, 2007, 2013, 2015) (current version at TEX. GOV'T CODE ANN. §§ 411.0725(b)-(e), 411.074). The statute currently provides for nondisclosure after misdemeanor convictions in certain cases; newly added sections 411.073 and 411.0375 allow someone to seek nondisclosure of certain misdemeanor convictions that resulted in community supervision or confinement. *S.S.*, 2017 WL 1352102, at *2; *see* TEX. GOV'T CODE ANN. §§ 411.073, 411.0735. However, these changes in the law apply only prospectively, meaning the nondisclosure of criminal-history record information for offenses committed after the September 1, 2015 effective date:

> SECTION 32. The changes in law made by this Act apply only to the issuance of an order of nondisclosure of criminal history record information for an offense committed on or after the effective date of this Act. The issuance of an order of nondisclosure of criminal history record information for an offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date.
> …
> SECTION 34. This Act takes effect September 1, 2015.

*S.S.*, 2017 WL 1352102, at *2; Act of May 26, 2015, 84th Leg., R.S., ch. 1279, §§ 32, 34, 2015 TEX. SESS. LAW SERV. 4327, 4339 (West).

In this case, the assault occurred in 1996; thus, Scritchfield's eligibility for a nondisclosure is governed by the law then in effect. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 1279, §§ 32, 34, 2015 TEX. SESS. LAW SERV. 4327, 4339; *see also* TEX. GOV'T CODE ANN. § 311.022 (West 2013) ("A statute is presumed to be prospective in its operation unless expressly made retrospective."); *S.S.*, 2017 WL 1352102, at *2. The law applicable to Scritchfield's conviction does not allow for an order of non-disclosure because Scritchfield was not placed on deferred adjudication community supervision that later resulted in a discharge and dismissal;

rather, he paid a fine and was convicted.[2]  *See* Act of May 31, 2003, 78th Leg., R.S., ch. 1236, § 4, sec. 411.081(d)-(e), 2003 TEX. GEN. LAWS 3499, 3500–01 (amended 2005, 2007, 2013, 2015) (current version at TEX. GOV'T CODE ANN. §§ 411.0725(b)-(e), 411.074).  Thus, because Scritchfield was not entitled to an order of nondisclosure, the trial court did not err by denying his petition.  We overrule Appellant's sole issue.  *See **id**; see also* TEX. GOV'T CODE ANN. § 311.022; ***S.S.***, 2017 WL 1352102, at *2.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered August 9, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[2] Unlike the 2015 amendments, the 2003 amendments apply retroactively, making the 2003 version of the statute applicable to Scritchfield's 1996 assault.  *See* Act of May 31, 2003, 78th Leg., R.S., ch. 1236, § 6(c), 2003 TEX. GEN. LAWS 3499, 3502.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2017**

**NO. 12-16-00252-CV**

**JOHN L. SCRITCHFIELD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No 2

of Smith County, Texas (Tr.Ct.No. 65,621-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*