

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-17-00216-CV**

**IN RE THE STATE OF TEXAS,**
**EX REL JARVIS PARSONS**

_____

**Original Proceeding**

**MEMORANDUM OPINION**

The State files a petition for writ of mandamus seeking to revoke an order of non-disclosure entered in Cause No. 17-000369-CV-85 by the Honorable Kyle Hawthorne, presiding judge of the 85th District Court of Brazos County, Texas. In one issue, the State argues that Judge Hawthorne erred in granting the order of non-disclosure because he lacked jurisdiction to do so. Having reviewed the State's petition, the brief filed by the Real Party in Interest, Edgar Amaya, and the State's reply brief, we will provisionally grant the State's petition for writ of mandamus.

*Background*

The exhibits before the Court reflect that Amaya was charged with a felony offense of assault/family violence/strangulation that occurred on January 4, 2013. Amaya entered a guilty plea to a lesser charge of assault that included an affirmative finding of family violence. Amaya received a sentence of one year deferred adjudication community supervision on July 24, 2013. Amaya's deferred adjudication community supervision was discharged by the trial court on July 23, 2014.[1] On February 13, 2017, Amaya filed a petition for non-disclosure of his criminal history record with respect to the offense for which he successfully completed deferred adjudication community supervision. Judge Hawthorne granted Amaya's request on March 21, 2017.

*Analysis*

A nondisclosure proceeding, while arising out of a criminal case, is considered civil in nature. *See Harris v. State*, 402 S.W.3d 758, 760 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *see also Bergin v. State*, No. 06-06-00089-CV, 2006 WL 2456302, at *1 (Tex. App.—Texarkana Aug. 25, 2006, no pet.) (mem. op.). We will, therefore, analyze whether the State is entitled to mandamus relief applying civil rules. In order to obtain mandamus relief, a relator "must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists." *In re Nationwide Ins. Co. of America*, 494 S.W.3d 708, 712 (Tex. 2016).

---

[1] The trial court's order was not included as an exhibit by either party. However, there is no dispute that Amaya received a discharge. The date of the discharge is found in Amaya's petition for non-disclosure, included as Exhibit D to the State's petition for writ of mandamus.

The statute that permits a defendant to petition for non-disclosure does not grant a right to appeal. *See State v. L.P.*, 525 S.W.3d 418, 419 (Tex. App.—Fort Worth 2017, no pet.).[2] As the State has no adequate appellate remedy, the only issue before us is whether the trial court possessed jurisdiction to enter the order granting non-disclosure.

Amaya argues that the State waived the issue of the trial court's jurisdiction by failing to object either after receiving notice of his petition for non-disclosure or a copy of the trial court's order. However, a relator, including the State, need not object to an order issued by a trial court prior to filing a petition for a writ of mandamus in an appellate court when the order is void. *In re Bank of America, N.A.*, No. 01-02-00867-CV, 2003 WL 22310800, at *3 (Tex. App.—Houston [1st Dist.] Oct. 9, 2003, no pet.) (mem. op. on reh'g).

> This is true because lack of jurisdiction is a fundamental error and may be raised for the first time in an appellate court. *See Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991). Additionally, subject-matter jurisdiction cannot be conferred by consent, waiver, or estoppel. *See Fed'l Underwriters Exch. v. Pugh*, 141 Tex. 539, 174 S.W.2d 598, 600 (Tex. 1943); *Tourneau Houston, Inc. v. Harris County Appraisal Dist.*, 24 S.W.3d 907, 910 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

*Id.*; *see also In re Stern*, 436 S.W.3d 41, 46 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (orig. proceeding) (op. on reh'g) ("[c]ases involving void orders present a circumstance warranting mandamus relief.") (quoting *Custom Corporates, Inc. v. Security Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding)); *In re Valliance Bank*, 422 S.W.3d 722, 728 (Tex. App.—Fort Worth 2012, no pet.) (orig. proceeding) ("doctrines such as laches, waiver, or estoppel are not applicable when the

---

[2] There is a limited right to appeal in a case in which the amount in controversy exceeds $250, but that is not applicable in this case. *Id*. at 419-20.

order that is the subject of the mandamus proceeding is void."). Assuming without deciding that the State did have notice of Amaya's petition for non-disclosure and the trial court's ruling, the lack of an objection does not preclude the State's present petition for writ of mandamus as the trial court lacked jurisdiction to enter the order of non-disclosure.

The statute in effect at the time Amaya committed the offense for which he was placed on deferred adjudication community supervision was TEX. GOV'T CODE ANN. § 411.081,[3] which provided:

> (e) A person is entitled to petition the court under Subsection (d) only if during the period of the deferred adjudication community supervision for which the order of nondisclosure is requested and during the applicable period described by Subsection (d)(1), (2), or (3), as appropriate, the person is not convicted of or placed on deferred adjudication community supervision under Section 5, Article 42.12, Code of Criminal Procedure, for any offense other than an offense under the Transportation Code punishable by fine only. A person is not entitled to petition the court under Subsection (d) if the person was placed on the deferred adjudication community supervision for or has been previously convicted or placed on any other deferred adjudication for:
>
> > (1) an offense requiring registration as a sex offender under Chapter 62, Code of Criminal Procedure;

---

[3] *See* Act of May 27, 1993, 73rd Leg., R.S., ch. 790, § 35, sec. 411.081, 1993 Tex. Gen. Laws 3088, 3107-08, *amended by* Act of May 31, 2003, 78th Leg., R.S., ch. 1236, § 4, 2993 Tex. Gen. Laws 3499, 3500-01 (adding subsection e) (amended 2005), and *amended by* Act of May 18, 2007, 80th Leg., R.S., ch. 1017, § 5, sec. 411.081, 2007 Tex. Gen. Laws 3544, 3547 (amended 2009, 2011, 2013, 2015, 2017) (current version at TEX. GOV'T CODE ANN. § 411.074(e) (West Supp. 2018)). Amendments in 2009 and 2011 made no changes to the statute that would apply in this case. The 2013 amendments apply only to offenses committed on or after their effective date—September 1, 2013. An offense committed before the effective date of the 2013 amendments is governed by the law in effect on the date the offense was committed. *See* Section 9 of Act of May 7, 2013, 83rd Leg., R.S., ch. 96, § 6, sec. 411.081(e), 2013 Tex. Sess. Law Serv. 194, 196 (West).

(2) an offense under Section 20.04, Penal Code, regardless of whether the offense is a reportable conviction or adjudication for purposes of Chapter 62, Code of Criminal Procedure;

(3) an offense under Section 19.02, 19.03, 22.04, 22.041, 25.07, or 42.072, Penal Code; or

(4) any other offense involving family violence, as defined by Section 71.004, Family Code.

Subsection (e)(4) specifically provides that non-disclosure is not available to individuals placed on deferred adjudication community supervision for offenses involving family violence.[4] *See Jackson v. State*, No. 14-13-00747-CV, 2014 WL 6085593, at *1 (Tex. App.—Houston [14th Dist.] Nov. 13, 2014, no pet.).  As Amaya was placed on deferred adjudication community supervision for an offense that involved family violence, he is not eligible for an order of non-disclosure.  The trial court's order granting Amaya's petition for non-disclosure is, therefore, void.  The State's sole issue is sustained.

---

[4] While it could be argued that the language of the statute precludes non-disclosure for individuals who have an earlier or subsequent conviction involving family violence, such an interpretation would not be in line with the plain meaning of the statute which by its terms precludes non-disclosure for individuals who are placed on deferred adjudication community supervision for any offense, in addition to those listed in subsections (e)(1), (2), and (3), involving family violence.  Any other interpretation would subvert the intent of the statute, which is to exempt "serious violent offenders, sexual offenders, and family violent offenders from ever receiving an OND." *See* Tex. S.B. 1902, 84th Leg., R.S. (2015) (Author's/Sponsor's Statement of Intent).  "Our primary objective in statutory construction is to give effect to the legislature's intent." *Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 679 (Tex. App.—Austin 2010, no pet.) (op. on reh'g).  "We rely on the plain meaning of the text, unless a different meaning is supplied by legislative definition or is apparent from context, or unless such a construction leads to absurd results." *Id*.  When construing a statute, whether it is considered ambiguous or not, the court may consider the:  "(1) object sought to be attained; (2) circumstances under which the statute was enacted; (3) legislative history; (4) common law or former statutory provisions, including laws on the same or similar subjects; (5) consequences of a particular construction; (6) administrative construction of the statute; and (7) title (caption), preamble, and emergency provision." TEX. GOV'T CODE ANN. § 311.023 (West 2013).  "We also consider statutes as a whole rather than as isolated provisions." *Ex parte S.D.*, 457 S.W.3d 168, 171 (Tex. App.—Amarillo 2015, no pet.).

We therefore conditionally grant the State's petition for writ of mandamus. A writ will issue only if Respondent, the Honorable Kyle Hawthorne, fails to vacate his order granting Amaya's petition for non-disclosure issued on March 21, 2017, and to notify this Court in writing that he has done so within seven days from the date of this opinion.


REX D. DAVIS
Justice

Before Chief Justice Gray,*
     Justice Davis, and
     Justice Scoggins
(*Chief Justice Gray dissents)
Mandamus provisionally granted and case remanded
Opinion delivered and filed January 9, 2019
[OT06]

