

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-18-00242-CV

_____


THE STATE OF TEXAS, Appellant

V.

S.M., Appellee

---

On Appeal from County Criminal Court No. 4
Tarrant County, Texas
Trial Court No. 1353168

---

Before Gabriel, Pittman, and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant the State of Texas appeals from the trial court's order granting appellee S.M.'s petition for the nondisclosure of his prior conviction for driving while intoxicated (DWI). The State argues that because S.M. was punishable for a Class A misdemeanor based on his alcohol-concentration level of 0.17, he was statutorily ineligible for nondisclosure. We conclude that at the time S.M. pleaded guilty under a plea-bargain agreement, he was not punishable for a Class A misdemeanor. Thus, the trial court did not err by ordering the nondisclosure of S.M.'s criminal-history record information.

## I. BACKGROUND

On December 23, 2013, S.M. was charged by information with the Class A misdemeanor offense of DWI with an alcohol concentration of 0.15 or more. *See* Tex. Penal Code Ann. § 49.04(a), (d). Under a charge-bargain agreement with the State, S.M. pleaded guilty to the Class B misdemeanor offense of driving while intoxicated with no punishment recommendation based on the State's agreement to proceed on the lesser-included, Class B offense. *See id.* § 49.04(b). *See generally Harper v. State*, No. 02-17-00016-CR, 2019 WL 165986, at *2–3 (Tex. App.—Fort Worth Jan. 10, 2019, no pet.) (explaining differences between charge bargain and sentence bargain). On the plea-agreement papers, the punishment range for the offense was listed as that for a Class B misdemeanor DWI—a fine not to exceed $2,000; confinement for a minimum term of 72 hours but not to exceed 180 days; or both.

2

*See* Tex. Penal Code Ann. §§ 12.22, 49.04(b). In other words, the trial court admonished S.M. before accepting his guilty plea that the applicable punishment range was that for a DWI where there would be no showing that the defendant's alcohol-concentration level was 0.15 or more.[1] *See id.* § 49.04(b), (d); *see also* Tex. Code Crim. Proc. Ann. art. 26.13(a)(1). However, those same plea papers noted that S.M.'s breath-alcohol-concentration level had been 0.17.

On May 30, 2014, the trial court adjudged S.M. guilty "of the offense of DRIVING WHILE INTOXICATED a class B misdemeanor," sentenced him to a fine of $1,250 and twenty days' confinement, and suspended his driver's license for four months. The trial court allowed S.M. to serve his confinement time on weekend labor detail, which the State had opposed during the plea-bargain discussions. The judgment made no reference to S.M.'s alcohol-concentration level, to section 49.04(d), or to a Class A misdemeanor.

On June 6, 2014, S.M. filed a verified petition for an occupational driver's license to allow him to travel to his job as an auditor and affirmed that his car was equipped with an interlock device. *See* Tex. Transp. Code Ann. §§ 123.009, 521.242(a). The trial court granted the petition and required S.M. to have an interlock device on

---

[1]We do not have a reporter's record from the guilty-plea proceeding; however, we may rely on the documents pertinent to S.M.'s charge and conviction. *Cf. Scott v. State*, 86 S.W.3d 374, 375–76 (Tex. App.—Fort Worth 2002, no pet.) (concluding guilty plea was voluntary based on documents in clerk's record because no reporter's record of guilty-plea proceeding was filed).

his car while his driver's license was suspended—between June 8 and July 8, 2014. *See id.* §§ 521.244, .246.

On November 21, 2017, after S.M. completed his sentence and paid all ordered fines and fees,[2] S.M. filed a verified petition for the nondisclosure of his criminal-history record information. *See* Tex. Gov't Code Ann. § 411.0736; *see also id.* § 411.0716(a) (providing nondisclosure chapter extends to non-deferred "offense[s] committed **before**, on, or after September 1, 2017" (emphasis added)). A nondisclosure order is available "only to a person who . . . is convicted of an offense under Section 49.04, Penal Code, other than an offense punishable under Subsection (d) of that section." *Id.* § 411.0736(a)(1). In short, the nondisclosure statute regarding certain DWI convictions does not apply to a defendant who was punishable for Class A misdemeanor DWI based on his alcohol-concentration level. S.M. alleged that he had pleaded guilty "to the misdemeanor offense of [DWI] (NOT OVER 0.15)." S.M. further alleged that he had maintained an interlock device on his car for more than six months as part of his sentence. *See id.* § 411.0736(c) (providing nondisclosure petition must include evidence that petitioner "entitled" to file petition), § 411.0736(f)(1) (allowing nondisclosure petition to be filed on or after the third anniversary of sentence's completion date if conditions of sentence included an interlock device for at least six months).

---

[2]The State does not dispute that S.M. completed his sentence and satisfied his payment obligations.

The State answered and argued that S.M. had been punishable under section 49.04(d) because he pleaded "to facts showing the [DWI] conviction involved a Blood Test showing a blood-alcohol concentration of 0.17, over the . . . statutory limit."[3] The State asserted that its position was in line with the legislative history and intent in enacting section 411.0736—"to only allow for nondisclosure for [DWI] convictions for offenses with a blood-alcohol concentration less than 0.15." The State did not specifically respond to S.M.'s allegation that he had complied with an interlock-device condition for six months as a condition of his sentence. The State attached the plea agreement and S.M.'s breath-test results as an exhibit to its answer, indicating that the breath-test results were the second page of the plea agreement; but the record provided to this court does not show that the actual test results were part of the plea proceeding.[4]

The trial court held a hearing on the petition, and S.M. testified that he had pleaded guilty to Class B misdemeanor DWI, not to Class A misdemeanor DWI with an alcohol-concentration level of 0.15 or more. He also stated that he had an interlock device on his car before his guilty plea, without explaining why, and that he "kept it on after" as required for his occupational license. He assumed the interlock-

_____

[3]The record shows that S.M.'s alcohol-concentration level was based on a breath specimen, not blood.

[4]The results show that S.M. first blew a 0.18 and three minutes later blew a 0.17.

5

device requirement for his license was "to ensure that [he] wasn't drinking and driving." The trial court, at the State's request, took judicial notice of the legislative history of section 411.0736. The trial court then granted S.M.'s petition and signed an order of nondisclosure. No party requested the trial court to enter findings of fact and conclusions of law, and none were entered. *See* Tex. R. Civ. P. 296.

The State filed a notice of appeal from the nondisclosure order and now argues that S.M. failed to prove his eligibility for nondisclosure because (1) S.M. was punishable under section 49.04(d) and (2) S.M. did not satisfy the statutory waiting period before he sought nondisclosure. S.M. responds substantively to these arguments but also argues that this court does not have jurisdiction to hear the State's appeal.

## II. JURISDICTION

### A. AMOUNT IN CONTROVERSY: OUR JURISDICTION

We begin, as we must, with our subject-matter jurisdiction to hear the State's appeal, which S.M. challenges. Nondisclosure orders are considered civil matters, and our jurisdiction is determined by reference to provisions governing civil appeals. *See Harris v. State*, 402 S.W.3d 758, 760–61, 760 n.2 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The Texas Constitution confers jurisdiction on this court over original and appellate matters "as may be prescribed by law" and over "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." Tex. Const. art. V, § 6(a).

6

Accordingly, our jurisdiction must be based on either (1) a specific statutory grant of jurisdiction over the matter at hand or (2) the general constitutional grant, subject to any legislative limits. *See State v. L.P.*, 525 S.W.3d 418, 419 (Tex. App.—Fort Worth 2017, no pet); *Harris*, 402 S.W.3d at 760.

The statutes governing nondisclosure orders confer no right to appeal. *L.P.*, 525 S.W.3d at 420. But the legislature has granted the courts of appeals general jurisdiction "of all civil cases within its district of which the district courts or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $250, exclusive of interest and costs." Tex. Gov't Code Ann. § 22.220(a); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.012.

At the nondisclosure hearing, the State elicited S.M.'s opinion regarding the value of a nondisclosure order:

> [State's attorney] So because you're a financial [analyst], I want to break it down into numbers. Do you agree that getting this nondisclosure would be worth more than $250 to you and maybe the cost of lower insurance, a higher paying job, things of that nature?
>
> [S.M.] Absolutely.

S.M. further testified that he sought nondisclosure because of his job and his concern that his clients or employer would discover his criminal history. S.M. contends that this evidence was speculative and therefore insufficient to confer jurisdiction over the State's appeal. But "[t]he subjective value of a privilege, if asserted in good faith,

establishes jurisdiction if that value meets the requisite amount in controversy." *Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358, 362 (Tex. 2000).

Here, S.M. testified that the value to him of a nondisclosure order was "absolutely" worth more than $250. Even though subjective, this evidence was sufficient to meet the required amount in controversy to confer jurisdiction on this court to consider the State's appeal. *See Harris*, 402 S.W.3d at 761–63; *cf. L.P.*, 525 S.W.3d at 419 (finding no appellate jurisdiction under general constitutional grant because parties did not address amount in controversy at nondisclosure hearing or on appeal); *Guinn v. State*, No. 05-09-01295-CV, 2010 WL 22817, at *1 (Tex. App.—Dallas Jan. 6, 2010, no pet.) (mem. op.) ("The only amount involved was the filing fee for the petition, which cannot be used to satisfy the amount in controversy requirement."); *Huth v. State*, 241 S.W.3d 206, 208 (Tex. App.—Amarillo 2007, no pet.) (finding no jurisdiction over nondisclosure appeal because "the record here contains no basis, other than the trial court's filing fee, on which to assign a value to Huth of the non-disclosure order he sought"). We conclude that we have jurisdiction over the State's appeal.

## B. STATUTORY WAITING PERIOD: TRIAL COURT'S JURISDICTION

The State argues for the first time on appeal that because S.M. did not satisfy the statutory five-year waiting period before seeking nondisclosure, the trial court did not have subject-matter jurisdiction to hear S.M.'s petition. S.M. responds that

because the State failed to raise this issue in the trial court, it is not preserved for our review. *See* Tex. R. App. P. 33.1(a).

A trial court's lack of subject-matter jurisdiction cannot be waived and may be raised for the first time on appeal; but a party's failure to raise a procedural complaint in the trial court will result in waiver of that complaint. *See Tellez v. City of Socorro*, 226 S.W.3d 413, 414 (Tex. 2007) (per curiam); *cf. AC Interests, L.P. v. Tex. Comm'n on Envtl. Quality*, 543 S.W.3d 703, 714 (Tex. 2018) ("Failure to comply with a directory provision has consequences, but they are not always fatal."). Mandatory statutory requirements, however, are presumed not to be jurisdictional. *See City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009); *cf. Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999) (per curiam) ("[J]ust because a statutory requirement is mandatory does not mean that compliance with it is jurisdictional."). This presumption may be "overcome only by clear legislative intent to the contrary." *DeSoto*, 288 S.W.3d at 394. We look to the plain language of the statute to discern legislative intent. *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, No. 17-0256, 2018 WL 6713207, at *7 (Tex. Dec. 21, 2018); *DeSoto*, 288 S.W.3d at 395.

Here, the applicable waiting period is either three or five years, depending on whether the person complied with an interlock-device sentencing condition:

> A person may petition the court that imposed the sentence for an order of nondisclosure of criminal history record information under this section on or after:

9

(1) the third anniversary of the date of completion of the person's sentence, if the person successfully complied with a condition of the sentence that, for a period of not less than six months, restricted the person's operation of a motor vehicle to a motor vehicle equipped with an ignition interlock device; or

(2) the fifth anniversary of the date of completion of the person's sentence, if the court that imposed the sentence did not order the person to comply with a condition described by Subdivision (1) for the period described by that subdivision.

Tex. Gov't Code Ann. § 411.0736(f). There is nothing in the language of the waiting period indicating that the legislature intended the waiting period to be jurisdictional. *See id.* § 311.016. Mandatory perhaps, but not jurisdictional. *See Albertson's*, 984 S.W.2d at 961; *cf. Wills v. State*, No. 09-14-00373-CV, 2015 WL 6520924, at *2 (Tex. App.— Beaumont Oct. 29, 2015, no pet.) (mem. op.) ("Because Wills has not shown that he is statutorily eligible to file a petition for nondisclosure, we conclude the trial court did not abuse its discretion in denying his petition."). And it includes no specific consequences for noncompliance. *See Park v. Escalera Ranch Owners' Ass'n, Inc.*, 457 S.W.3d 571, 588 (Tex. App.—Austin 2015, no pet.). The statutory, procedural waiting periods for nondisclosure orders applicable to certain DWI convictions, similar to statutes of limitation, are phrased in terms of a petitioner's ability to seek such an order based on a condition precedent and are not phrased as a bar to the trial court's subject-matter jurisdiction. *See* Tex. Gov't Code Ann. § 411.0736(b) (granting court that imposed sentence subject-matter jurisdiction to determine nondisclosure petition), § 411.0736(f) (providing "[a] person may petition the court . . . for an order

10

of nondisclosure" after the waiting period expires); *cf. Davis v. Fort Bend Cty.*, 893 F.3d 300, 306–07 (5th Cir. 2018) (concluding Title VII's exhaustion-of-administrative-remedies requirement is condition precedent to filing suit, not jurisdictional, and is subject to waiver because the requirement is "not expressed in jurisdictional terms in the statute and . . . there is nothing in the statute to suggest that Congress intended for this requirement to be jurisdictional" (citation omitted)), *cert. granted*, (U.S. Jan. 11, 2019) (No. 18-525). As such, the waiting period is not jurisdictional and by failing to raise the issue in the trial court, the State failed to preserve it for our review.

### III. PUNISHABLE

We review a trial court's ruling on a nondisclosure petition for an abuse of discretion. *See Goodson v. State*, Nos. 09-18-00018-CV, 09-18-00019-CV, 09-18-00020-CV, 09-18-00021-CV, 09-18-00022-CV, 2018 WL 5060432, at *2 (Tex. App.—Beaumont Oct. 18, 2018, no pet.) (mem. op.) (collecting cases). However, if the trial court's ruling turned on a question of law, we review it de novo because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See S.J. v. State*, 438 S.W.3d 838, 841 (Tex. App.—Fort Worth 2014, no pet.). And because no party requested findings and conclusions, we must uphold the trial court's order under any legal theory supported by the record. *See id.*

The State's main argument is that because S.M.'s alcohol-concentration level was noted on the plea agreement, he was punishable as a Class A misdemeanor DWI defendant. The State asserts that we may infer S.M.'s knowledge that his DWI was so

punishable by his failure to make a contrary notation on the plea agreement as he had on other notations.[5] At the time S.M. pleaded guilty before the trial court, he specifically pleaded to a Class B misdemeanor, which the plea agreement noted was a lesser-included offense and had a Class B punishment range. The trial court's docket sheet, which was signed by the trial judge and S.M., noted that S.M. was charged with "Driv W/Intox-Bac [breath-alcohol concentration] O/0.15"; however, the docket sheet also specified that "Defendant Pled Guilty To Count One, A Class B Misdemeanor. . . . Pled to Lesser Included Offense: Driving While Intoxicated, Class B Dwi." Several sentencing recommendations were listed on the plea agreement,[6] including that S.M. perform forty hours of community service, participate in a victim-impact panel, and receive some form of probated sentence. But these recommendations and the State's noted opposition to allowing S.M. to serve his sentence on labor detail were apparently rejected because none were part of the trial court's sentence and judgment included in the clerk's record.

The State asserts that the trial court implicitly "found" that S.M.'s alcohol-concentration level was 0.17 because it required S.M. as part of his sentence to put an

---

[5]The plea agreement contains several handwritten notations but there is no evidence who made the 0.17 notation.

[6]S.M.'s plea was styled as an "open plea," which in this instance indicated that the State and S.M. had entered into a charge bargain, not a sentence bargain. *See generally Harper*, 2019 WL 165986, at *2–3 (noting imprecision of "open plea" and defining charge and sentence bargains).

interlock device on his car, which the State contends with no supporting authority is "common[ly]" imposed in Tarrant County only if the defendant's alcohol-concentration level is over 0.15. The only interlock-device requirement clearly reflected in the record is the one imposed as a condition of S.M.'s occupational license, not as part of his DWI sentence.[7] "INTLK COP" was circled and checked on the plea agreement, but the parties' plea agreement was a charge bargain and not a sentence bargain; and as we noted before, the trial court seemingly rejected other noted recommendations. Further, even if the trial court required S.M. to install an interlock device as part of his sentence, there is no statutory limitation on the trial court's ability to impose an interlock-device requirement as part of a non-probated DWI sentence. *See* Tex. Code Crim. Proc. Ann. art. 42.033(a); *cf. id.* art. 42A.408(b) (formerly article 42.12, section 13(i)) (allowing court to impose interlock device as community-supervision condition with no alcohol-content finding required). Therefore, we disagree with the State that an interlock-device requirement "would not be necessary" absent "a high breath test result," rendering S.M. implicitly punishable under section 49.04(d). *See generally* Janet Dewey-Kollen & Angela Downes, *Shattering Misconceptions About First-Time Drunk Driving Offenders*, 42 Prosecutor 14, 18 (Jan.–Mar.

---

[7]S.M. verified in his nondisclosure petition that he had an interlock device on his car at that time, but there is no indication in the record why he had the device. The State admitted S.M.'s lease for the device into evidence at the nondisclosure hearing, but the handwritten information on the form is illegible. In his verified petition for nondisclosure, S.M. stated that the lease was attached as Exhibit B to the petition but that exhibit is not included in the clerk's record.

2008) (noting research showing effectiveness of imposition of interlock-device condition on first-time DWI offenders).

Again, this was a charge bargain, not a sentence bargain, and the trial court was free to impose any sentence within the available punishment range for a Class B misdemeanor and could attach any condition to that sentence allowed by statute. We decline to impart conclusive meaning to the 0.17 note on the plea agreement such that no matter what charge S.M. pleaded guilty to, S.M. could not seek nondisclosure because the indicted offense fell within section 49.04(d). The State argues that S.M. "accepted the benefit" of the plea agreement, but so did the State. We do not believe the State can offer to proceed on a lesser-included offense that is eligible for nondisclosure and later oppose nondisclosure based on the greater, indicted offense, especially when the 0.17 notation on the charge bargain is not tethered to and is not reflected in the admonished punishment range or the trial court's judgment. *See generally Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013) (holding terms of plea agreement determined based on written agreement and "formal record," implying terms only as necessary to "effectuate the intention of the parties"). The record here does not show that at the time he pleaded guilty under a charge bargain, S.M. was punishable as a Class A misdemeanor DWI defendant based on his alcohol-concentration level. *See generally Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal."). Clearly, S.M. was convicted of an

14

offense under section 49.04, but he was not convicted of an offense that was punishable under section 49.04(d). S.M. was, therefore, eligible to seek a nondisclosure order under the plain terms of the statute. *See* Tex. Gov't Code Ann. § 411.0736(a)(1).

The State contends that this conclusion ignores the legislative bill analyses that show the legislature's intent to not allow defendants such as S.M. to be eligible for nondisclosure. The supreme court has clearly held that the surest way to deduce legislative intent in enacting an unambiguous statute[8] is its plain language:

> To the extent our objective in construing a statute is to determine the legislature's intent, we discover that intent within the language the legislature enacted. A statute's unambiguous language 'is the surest guide to the Legislature's intent,' because 'the Legislature expresses its intent by the words it enacts and declares to be the law.'

*D.A.*, 2018 WL 6713207, at *7 (citations omitted) (quoting *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016) and *Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011)). We decline the State's invitation to determine legislative intent from section 411.0736's bill analyses, floor debates, or other extratextual aids.

Because S.M. pleaded guilty to Class B misdemeanor DWI and was admonished as such, S.M. was not punishable under section 49.04(d) at the time he pleaded guilty and was subject to punishment. Therefore, section 411.0736 did not

---

[8]No party argues that section 411.0736 is ambiguous, and we conclude that it is not. Indeed, the State concedes that "the applicable nondisclosure statute is unambiguous," and S.M. agrees.

preclude S.M. from seeking nondisclosure.  *Cf. McMullen v. State*, No. 2-08-059-CR, 2009 WL 976011, at \*1 (Tex. App.—Fort Worth Apr. 9, 2009, no pet.) (mem. op., not designated for publication) (concluding defendant's guilty plea was voluntary because he pleaded to Class B misdemeanor DWI under plea-bargain agreement where the State agreed to waive the section 49.04(c), open-container enhancement and trial court admonished him of correct minimum range of punishment for Class B misdemeanor DWI with no open-container enhancement).

## IV.  CONCLUSION

The evidence adduced at the nondisclosure hearing sufficiently shows an amount in controversy that meets this court's constitutional and statutory grant of general jurisdiction.  We overrule S.M.'s jurisdictional argument.  Nothing in the governing statutes indicates that S.M.'s alleged failure to meet the waiting-period requirement was jurisdictional in the trial court.  Accordingly, the State's failure to raise this issue in the trial court results in waiver of its appellate waiting-period complaint.  We overrule the State's second issue.  Finally, because S.M. pleaded guilty to Class B misdemeanor DWI and was admonished as such, he was at that time punishable under section 49.04(b) and was subsequently eligible to seek nondisclosure of his criminal-history record information.  The plain language of section 411.0736 does not dictate a different result.  Thus, we defer to the trial court's ruling on these legal bases, which are supported by the record, and conclude that the trial court did not abuse its discretion—or did not err to the extent its ruling turned on a question

16

of law—by granting S.M.'s nondisclosure petition. We overrule the State's first issue.

Having overruled all issues raised for our consideration, we affirm the trial court's June 28, 2018 order of nondisclosure.

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: March 14, 2019